IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| REGGIE CHURCHWELL, | ) |
| | ) |
| v. | ) NO. 3:10-0738 |
| | ) JUDGE CAMPBELL |
| WTVA, INC. d/b/a WTVA. | ) |

MEMORANDUM

Pending before the Court is Defendant WTVA's Motion to Dismiss or, in the Alternative, to Transfer Venue (Docket No. 5). For the reasons stated herein, the Motion is GRANTED.

Plaintiff brought this suit in the Middle District of Tennessee. Defendant seeks to transfer this case to the Northern District of Mississippi under 28 U.S.C. § 1404(a) because Defendant believes Mississippi is "the most appropriate forum for this lawsuit." (Docket No. 6).

ANALYSIS

A court may entertain a motion to transfer if there exists a better forum for the resolution of the dispute between the parties. *In re Aredia & Zometa Prods. Liabl. Litig.*, 2008 WL 686213 at *1 (M.D.Tenn 2008).

The threshold consideration under 28 U.S.C. § 1404(a) is whether the action might have been brought in the transferee court. *In re Aredia & Zometa Prods. Liabl. Litig.*, 2008 WL 686213 at *8. Section 1404 states, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Based on the pleadings, this action

might have been brought in the Northern District of Mississippi. Furthermore, venue is proper in a judicial district " in which a substantial part of the events or omissions giving rise to the claim occurred. . ." 28 U.S.C. § 1391(a)(2).

WTVA is a Mississippi television station with a transmission signal that does not extend into Tennessee, with the exception of a limited amount of cable coverage that reaches a few hundred residents in one west Tennessee county. (Docket No. 6). The television newscast about which Plaintiff brings his suit concerns Plaintiff's activities in Mississippi, namely his termination of employment as general manager of the Crossroads Arena in Corinth, Mississippi; the newscast is based upon information gathered in Mississippi; and Mississippi was the focal point of the newscast. Id. Not only could the lawsuit have been brought in the Northern District of Mississippi, a substantial part of the events giving rise to the claim arose in Mississippi.

For these reasons, the Court finds, in the interest of justice, this action should be transferred to the United States District Court for the Northern District of Mississippi

Accordingly, Defendant WTVA's Motion to Dismiss or, in the Alternative, to Transfer Venue (Docket No. 5) is GRANTED. This case is transferred to the United States District Court for the Northern District of Mississippi.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE